IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SANDYLYNN FRANCIS METRANDO,

                Plaintiff,

v.

ANDREW M. SAUL, Commissioner
of Social Security,

                Defendant.

OPINION AND ORDER

17-cv-248-wmc

---

Pursuant to 42 U.S.C. § 405(g), Sandylynn Francis Metrando appeals the Commissioner's denial of her application for Social Security Disability Insurance Benefits. In her appeal, plaintiff raises two challenges: (1) the ALJ failed to resolve a conflict between the vocational expert testimony and the Dictionary of Occupational Titles; and (2) the ALJ failed to justify a 10% off-task limitation. For the reasons that follow, the court will affirm the denial of benefits.

BACKGROUND

**A. Overview of Claimant**

Sandylynn Francis Metrando was born on July 27, 1982. She applied for SSDI on August 7, 2013, approximately four years after her claimed disability onset date of October 15, 2009. Metrando's last-insured date was December 31, 2013. Metrando was 27 years-old at the date of the onset of her disability; 31 years-old at her date last insured; and 33 years-old at the time of her hearing -- all of which place her within the "younger individual" category under 20 C.F.R. § 303.1563. Metrando has a 10th or 11th grade education, and she is able to communicate in English. She also has past work as a retail sales clerk, cashier

and customer service clerk, among other job listings. Metrando claims disability based on a number of impairments, including neuropathy, sleep apnea, thyroid disease, reflex sympathetic dystrophy,[1] Crohn's disease, Vitamin D deficiency, Vitamin B-12 deficiency and Epstein-Barr syndrome. (AR 98.)

## B. ALJ's Decision

ALJ Thomas W. Springer held a hearing on September 24, 2015, at which Metrando appeared personally and by counsel, Dana Duncan, who also represents her in this appeal. As of the alleged onset date, the ALJ found that Metrando suffered from the following severe impairments: fibromyalgia, degenerative disc disease, left carpal tunnel syndrome, left ulnar neuropathy, obesity, polycystic ovary disease, and status post septoplasty with bilateral turbinoplasty. (AR 31.)[2] The ALJ next considered whether any of her impairments, alone or in combination, met or medically equaled a listing, finding that they did not. Metrando does not challenge this finding.

As for her residual functional capacity, the ALJ concluded that she could engage in sedentary work, with a number of additional exertional restrictions, of which only the following are relevant to the present appeal:

- "The claimant could occasionally perform handling and fingering with her dominant left upper extremity."

---

[1] "Reflex sympathetic dystrophy syndrome (RSD) is a disorder that causes lasting pain, usually in an arm or leg, and it shows up after an injury, stroke, or even heart attack." "What Is Reflex Dystrophy Syndrome," WebMD, webmd.com/brain/what-is-reflex-sympathetic-dystrophy-syndrome#1.

[2] In so finding, the ALJ concluded that Metrando's sleep apnea and gallbladder surgery did not constitute severe impairments. (AR 33.) Metrando does not challenge these findings in her appeal.

- "The claimant could frequently, as opposed to constantly, handle and finger bilaterally"

- "The claimant must have been able to be off-task up to 10% of the workday, in addition to regular breaks."

(AR 34.)

With respect to the up to 10% off-task requirement, the ALJ explained:

> Because the undersigned credited the claimant's allegations of chronic pain and recognizes her pain would have interfered with some functioning and caused some fatigue prior to her date last insured, the claimant must have been able to be off task up to 10% of the workday, in addition to the regular breaks, prior to her date last insured of December 31, 2013.

(AR 40.)  Later in the opinion, the ALJ reiterated:

> Because of pain and fatigue, the undersigned finds that the claimant must have been able to be off-task up to 10% of the workday, in addition to regular breaks.

(AR 41.)

The ALJ next considered whether Metrando could perform her past relevant work, finding that she could not because the past work required light to heavy exertion.  Still, relying on the testimony of a vocational expert, the ALJ concluded that Metrando could perform information clerk, office helper, and industrial inspector jobs and that those jobs existed in significant numbers in the national economy.  (AR 42.)  As such, the ALJ concluded that Metrando was not disabled.

### C. Appeals Council's Decision

The Appeals Council granted Metrando's request for review of the ALJ's decision.  In its decision, the Council determined that the ALJ's formulation of Metrando's RFC was inconsistent in providing that claimant can (1) "*occasionally* perform handling and fingering

with her dominant *left* upper extremity," and (2) "*frequently*, as opposed to constantly, handle and finger *bilaterally*." (AR 5 (emphasis added).) In other words, the RFC limited Metrando to only occasional handling and fingering with her left hand, but then appeared to limit her to frequent handling and finger within both hands. After reviewing the record -- specifically, the hearing transcript in which the ALJ posed various questions to the vocational expert -- the Appeal Council concluded that the "inclusion of both occasional and frequent limitations was a scrivener's error, and for the reasons cited in the hearing decision, the record supported a finding of *frequent* manipulative abilities" for both hands. (*Id.* (emphasis added).)[3]

OPINION

The standard by which a federal court reviews a final decision by the Commissioner of Social Security is well-settled. Findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Accordingly, where

---

[3] Normally, at this point in the opinion, the court would describe the portions of the medical record relevant to the appeal. Here, plaintiff's challenges concern neither the medical record nor the ALJ's interpretation of that record, although plaintiff's brief details plaintiff's claims of pain in the medical record, including from neuropathy, reflex sympathetic dystrophy from carpal tunnel surgery on her left hand, and cervical disc changes, among other concerns. (Pl.'s Opening Br. (dkt. #14) 2-7.)

conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993). At the same time, the court must conduct a "critical review of the evidence," *id.*, and insure the ALJ has provided "a logical bridge" between findings of fact and conclusions of law, *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). As set forth below, the court addresses plaintiff's two challenges to the ALJ's decision under this standard.

I. **Conflict between VE Testimony and DOC**

First, plaintiff contends that the ALJ failed to resolve a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles. This argument is premised entirely on the part of the ALJ's RFC formulation that mentions "occasional handling" as to the left hand, which the vocational expert testified reduced the base of sedentary jobs that an individual could perform. (Pl.'s Br. (dkt. #14) 12-17.) As described above, however, the Appeals Council resolved this very inconsistency, finding that the ALJ intended to limit plaintiff to frequent handling and fingering bilaterally. Inexplicably, plaintiff's opening brief failed to address the Appeals Council's decision at all, much less its resolution of any conflict in her ability to handle and finger with both hands. Nor did plaintiff file any reply confronting the Appeals Council's decision limiting Metrando to frequent handling and fingering with both hands even after this decision was pointed out in defendant's responsive brief, implicitly acknowledging that her first challenge lacked merit. Regardless, by failing to reply to defendant's argument, plaintiff waived any challenge to the ALJ or Appeals Council's treatment of her limitation with respect to

5

fingering and handling. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

**II. 10% Off-Task Limitation**

Second, plaintiff argues that the ALJ failed to build the necessary logical bridge between the ALJ's inclusion of a 10% off-task limitation and the record. At first glance, this argument appeared to have more merit; indeed, after initial review, the court issued an order to show cause why the Seventh Circuit's decision in *Lanigan v. Berryhill*, 864 F.3d 558 (7th Cir. 2017), did not *require* remand. (Dkt. #16.) In response, however, the Commissioner pointed out that, unlike the claimant in *Lanigan*, and in other cases cited by this court, the 10% off-task limitation here was to accommodate plaintiff's reported pain and fatigue, *not* to address mental health limitations, much less moderate limitations in concentration, persistence and pace ("CPP"). (Def.'s Resp. (dkt. #17) 2-3.)

Still, as plaintiff points out, this distinction does not relieve the ALJ of his burden to build a logical bridge between the off-task accommodation and the medical record. However, the ALJ did just that by expressly discounting plaintiff's extreme claims of pain, concluding instead that her pain would interfere with some functioning and cause some fatigue. (AR 40.) Indeed, this court has affirmed the denial of benefits and rejected similar challenges to the 10% off-task limitation when adopted to accommodate reported pain, rather than mental limitations in CPP. *See, e.g., Tongkou Thao v. Saul*, No. 17-CV-742-WMC, 2019 WL 4686635, at *5 (W.D. Wis. Sept. 26, 2019) (approving ALJ's 10% off-task limitation in RFC to accommodate "chronic pain and headaches"). More critically, plaintiff fails to argue, or direct the court to any evidence in the record demonstrating,

6

medically or otherwise, that plaintiff would be off-task more than 10% of the time. *See Cornwell v. Saul*, No. 17-CV-647-WMC, 2020 WL 502959, at *12 (W.D. Wis. Jan. 31, 2020) ("To be sure, the 10% figure is somewhat arbitrary, but plaintiff fails to make a persuasive case that any other number would have been any less arbitrary.").

ORDER

IT IS ORDERED that:

1) The decision of defendant Andrew M. Saul, Commissioner of Social Security, denying plaintiff Sandylynn Francis Metrando's application for disability benefits is AFFIRMED.

2) The clerk of court is directed to enter judgment for defendant.

Entered this 4th day of May, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge